SCHLICHTER, BOGARD & DENTON LLP
ATTORNEYS AT LAW
100 SOUTH FOURTH STREET, SUITE 900
SAINT LOUIS, MISSOURI 63102
(314) 621 6115

September 24, 2013

<u>Filed via ECF</u>
Michael E. Gans, Clerk of the Court
U.S. Court of Appeals for the Eighth Circuit

Re:  *Ronald Tussey et al. v. ABB, Inc. et al.*,
Nos. 12-2056, 12-2060, 12-3794, 12-3875
Before: Judges Riley, Bright, and Bye (Division II, St. Louis)
Argued September 24, 2013
Response to ABB's Notice of Supplemental Authority

Dear Mr. Gans:

At the argument this morning, ABB' attorney directed the Court to *Ringwald v. Prudential Ins. Co. of Am.*, 609 F.3d 946 (8th Cir. 2010), as supplemental authority. ABB did not cite that case in its opening or reply briefs. Under FRAP 28(j) we submit this response to that citation.

ABB contends *Ringwald* supports its contention that the Investment Policy Statement (IPS) in this case is not one of the "documents and instruments governing the plan" under ERISA's fiduciary standards statute—29 U.S.C. §1104(a)(1)(D). That is incorrect. First, *Ringwald* does not concern an IPS or §1104(a)(1)(D). Second, *Ringwald* is not a fiduciary breach case arising under 29 U.S.C. §1132(a)(2). It is a benefits claim case under 29 U.S.C. §1132(a)(1)(B). It thus does not concern a claimed breach of ERISA's fiduciary standards statute (29 U.S.C. §1104). For the reasons stated in our brief, the *Firestone* deference standard for

Re: *Ronald Tussey et al. v. ABB, Inc. et al.*,
    Nos. 12-2056, 12-2060, 12-3794, 12-3875
    Before: Judges Riley, Bright, and Bye (Division II, St. Louis)
    Argued: September 24, 2013
    Response to ABB's Notice of Supplemental Authority    Page 2

benefits claim cases at issue in *Ringwald* does not apply to fiduciary breach cases. Plaintiffs' Brief 31–37.

    Moreover, *Ringwald* applies *de novo* review, instead of the *Firestone* deference ABB seeks. The Court held a summary plan description (SPD) cannot provide a fiduciary the interpretative discretion that is the prerequisite to *Firestone* deference, where the document establishing the plan does not. 609 F.3d at 948–49. That supports Plaintiffs' contention in this appeal. Even if *Firestone* deference applied to a fiduciary breach case such as this, it would not apply under the facts of this case because the document establishing the plan grants only the EBC interpretative discretion. *See* Plaintiffs' Br. 35 n.5; ABB Br. 24; ASA229 (§3.12), ASA225 (§3.3). ABB is asking for deference to Mr. Cutler's interpretation of the IPS when he is not even a member of the EBC. *Id.* ABB does not even point to a document analogous to the SPD in *Ringwald* that purported to grant Mr. Cutler discretion to interpret the IPS. Thus, Mr. Cutler's interpretation would be entitled to no deference even under *Firestone* and *Ringwald*.

    For these reasons, *Ringwald* is not supplemental authority in support of ABB's appeal.

SCHLICHTER, BOGARD & DENTON LLP

Re: *Ronald Tussey et al. v. ABB, Inc. et al.,*
    Nos. 12-2056, 12-2060, 12-3794, 12-3875
    Before: Judges Riley, Bright, and Bye (Division II, St. Louis)
    Argued: September 24, 2013
    Response to ABB's Notice of Supplemental Authority    Page 3

Respectfully submitted,

/s/ Jerome J. Schlichter
Jerome J. Schlichter
SCHLICHTER BOGARD & DENTON LLP
100 S. Fourth Street, Suite 900
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (Fax)

Attorneys for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Jerome J. Schlichter
Jerome J. Schlichter
Attorney for Plaintiffs-Appellants